# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **AL-ASHRAF KHALIL, et al.** | : | Criminal No. 23-157 |

## DEFENDANT KHALIL'S BRIEF IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*

TO THE HONORABLE CYNTHIA M. RUFE:

Mr. Khalil respectfully submits this brief in response to the Government's motion *in limine*. (*See* ECF Doc. No. 71.) The Court should deny the motion because evidence about the foreseeability of the victim's death and the injuries to five others is essential to a defense against the lead charge. Furthermore, the evidence's probative value is not substantially outweighed by the danger of unfair prejudice by confusing the issues.

## I.  FACTUAL HISTORY

The Government alleges that at approximately 1:30 A.M. on June 18, 2022, Mr. Khalil and his co-defendant Isaam Jaghama ignited a fire at a building Mr. Khalil owned at 300 W. Indiana Avenue, Philadelphia. The Philadelphia Fire Department, Fire Marshal's Office, Department of Licenses and Inspections, and Police Department responded. Fire Department Lieutenant Sean Williamson and five other men were inside the building at 3:23 A.M. when it collapsed. Lieutenant Williamson died, and the others sustained injuries.

In the days after the fire, the Bureau of Alcohol, Tobacco, Firearms, and Explosives hired an independent engineering firm to investigate the incident. The expert reported that a few factors were responsible for the building's collapse: (1) the building was at least 100 years old;

(2) it had been modified several times due to structural issues and repairs; and (3) the methods first responders used to extinguish the fire. More specifically, the expert's report noted that the weight of water used to put out the fire contributed to the collapse, and the first responders changed the building's physical condition when they opened walls to identify if the fire was traveling throughout the building. Those circumstances caused additional structural stress and resulted in the collapse.

## II.     PROCEDURAL HISTORY

On April 13, 2023, a grand jury indicted Messrs. Khalil and Jaghama for conspiracy to commit malicious damage by means of fire of a building used in interstate commerce in violation of 18 U.S.C. § 844(n), malicious damage by means of fire of a building used in interstate commerce in violation of 18 U.S.C. § 844(i) and aiding and abetting in violation of 18 U.S.C. § 2. (ECF. Doc. No. 20). Mr. Khalil was also charged with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of use of fire to commit a felony in violation of 18 U.S.C. § 844(h). *Id.* On August 17, 2023, the grand jury returned a superseding indictment, clarifying the initial indictment's language but not adding defendants or charges. (*See* ECF Doc. No. 62.)

The Government filed a motion *in limine* to preclude the defendants from arguing or adducing

> evidence at trial that any first responders in this case lacked proper equipment, that 300 W Indiana Avenue collapsed due to preexisting structural issues, that any first responders took or were ordered to take improper actions, or that the collapse of 300 W Indiana Avenue and the resulting death and injuries to first responders were otherwise unforeseeable or caused by the negligence or malfeasance of the first responders or their colleagues and superiors.

(ECF Doc. No. 71 at 1.) The Court should deny the motion because granting it would repudiate the Third Circuit's precedent.

2

## III. ARGUMENT

The Government's motion *in limine* seeks to foreclose Mr. Khalil from defending himself against the lead charge. And because the motion has no legal basis, this Court should deny it.

A grand jury indicted Mr. Khalil for 18 U.S.C. § 844(i). (ECF Doc. No. 62.) The statute states,

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned . . . and if death results . . . as a direct or proximate result of conduct prohibited by this subsection . . . .

18 U.S.C. § 844(i). The maximum sentence for a violation of the statute is a sentence of five years and an enhanced penalty of up to life imprisonment or the death penalty "if death results . . . as a direct or proximate cause of conduct prohibited by the subsection." *Id.*

Section 844(i)'s "if death results . . . as a direct or proximate result" language enhances Mr. Khalil's maximum sentencing exposure. Therefore, it is an element that must be submitted to a jury and proven beyond a reasonable doubt. *See Burrage v. United States*, 571 U.S. 204, 210 (2014) (citing *Alleyne v. United States*, 570 U.S. 99, 115 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Accordingly, to convict Mr. Khalil, a jury must determine that he was either the direct or proximate cause of the victim's death. The former is not a difficult concept, but the latter is nebulous (probably why the Government has moved the Court to preclude Mr. Khalil from adducing evidence to implicate the issue).

Actual causation requires proof "'that the harm would not have occurred' in the absence of—that is, but for—the defendant's conduct." *Burrage*, 571 U.S. at 204 (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346-47 (2013)). However, the theory of proximate cause is not easy to summarize.

> It is a flexible concept that generally refers to the basic requirement that ... there must be some direct relation between the injury asserted and the injurious conduct alleged. . . . **Proximate cause is often explicated in terms of foreseeability** or the scope of the risk created by the predicate conduct. A requirement of proximate cause thus serves, *inter alia* to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity.

*Paroline v. United States*, 572 U.S. 434, (2014) (citations and quotations omitted) (emphasis added). The "requirement of proximate cause is more restrictive than a requirement of factual cause alone." *Id.* The Government's motion argues that the issue of foreseeability is irrelevant. (ECF Doc. 71 at 7.) However, this assertion ignores the Third Circuit's precedent and should not persuade this Court. Indeed, the Third Circuit has approved of a district court's explanation of the concept of proximate cause regarding foreseeability to a jury.

In *United States v. Gonzalez*, 905 F.3d 165 (3d Cir. 2018), the defendants were convicted of conspiracy to commit interstate stalking and cyberstalking, interstate stalking resulting in death, and cyberstalking resulting in death, and sentenced to life imprisonment. *Id.* at 174. They appealed and argued that the district court erred in its construction of the jury instruction it gave to determine whether the defendants qualified for the "death of the victim results" sentencing enhancement. *Id.* at 188. In its 'death results" instruction, the court informed the jury about direct and proximate causation. *Id.* at 189-90.

The Third Circuit affirmed the convictions. The Court determined that the district court's instruction, which discussed the issue of foreseeability, correctly explained the concept of proximate cause. *See id.* at 190. The instruction correctly required the jury to find that the victim's "death was a reasonably foreseeable result[.]" *Id.* Therefore, the Third Circuit's caselaw contradicts the Government's assertion that "foreseeability amounts to an irrelevant issue that should not be presented at trial." (ECF Doc. No. 71 at 6.)

The *Gonzalez* decision applies to Mr. Khalil's case. The criminal statutes involved a sentencing enhancement for causing someone's death in both matters. And in both cases, the concept of proximate cause was a necessary consideration in the jury's determination of the applicability of a sentencing enhancement. Therefore, it is appropriate and essential that Mr. Khalil adduce evidence and argue to the jury that the injuries and death caused by the alleged arson were unforeseeable.

Finally, the Government's Hail Mary request that this Court exclude evidence under Federal Rule of Evidence 403 is meritless. Because no germane opinions support the Government's assertion that the Court should exclude relevant evidence about proximate causation, the Government does not cite any. Instead, the Government's motion relies on bald, unsupported claims about confusing the jury and nullification. Thus, granting the motion *in limine* is not proper under Rule 403 because the Government has not shown that the relevant evidence's probative value "is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues[.]" FED. R. EVID. 403.

## IV. CONCLUSION

This Court should deny the Government's motion *in limine*. Evidence about the proximate cause of the injuries and death caused by the alleged arson is relevant to defending the lead charge. Furthermore, the evidence's probative value is not substantially outweighed by the danger of unfair prejudice by confusing the issues.

Respectfully submitted,

Date: October 12, 2023

*/s/ Gerald Stein*
Gerald Stein, Esquire
Two Penn Center
1500 JFK Blvd., Suite 770
Philadelphia, PA 19102
geraldstein@geraldstein.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically served a copy of the foregoing upon:

Honorable Cynthia M. Rufe
12614 U.S. Courthouse
601 Market Street
Philadelphia, PA 10106

Michael Miller, Esquire
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: October 12, 2023 | */s/ Gerald Stein*  |
|  | Gerald Stein, Esquire |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| AL-ASHRAF KHALIL, et al. | : | Criminal No. 23-157 |

**O R D E R**

AND NOW, this           day of                         , 2023, after the Court's consideration of the Government's Motion in Limine, the defendants' reply, and counsels' arguments, it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

_____
HONORABLE CYNTHIA M. RUFE
Senior Judge, United States District Court